IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN GARCIA-BERTADILLO, | ) | |
| ID # 47977-177, | ) | |
|        Movant, | ) | No. 3:16-CV-0234-B (BH) |
| vs. | ) | No. 3:14-CR-0147-B |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|        Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, should be **DENIED** with prejudice.

**I.  BACKGROUND**

Juan Garcia-Bertadillo (Movant) challenges his federal conviction and sentence in Cause No. 3:14-CR-147-B. The respondent is the United States of America (Government).

**A.     Plea and Sentencing**

By indictment filed on April 8, 2014, Movant was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count One); being an illegal alien in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2) (Count Two); and illegal reentry after removal from the United States in violation of 8 U.S.C. § 1326(a), (b)(2) (Count Three). (*See* doc. 1.)[1] He filed a motion to suppress evidence obtained from a search and seizure on July 25, 2014 (doc. 20), and an amended motion to suppress evidence on October 14, 2014 (doc. 32). Although the docket does not appear to reflect a ruling, counsel stated at the sentencing hearing that

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:14-CR-147-B.

the motion to suppress had been denied, which prompted Movant to plead guilty. (*See* doc. 68 at 5-6.) He pled guilty to Counts One and Three on October 22, 2014, under a plea agreement. (*See* docs. 42, 67 at 10.)

In the plea agreement, Movant stated that he had reviewed the federal sentencing guidelines with counsel, that he understood that the sentence would be imposed by the court after consideration of the sentencing guidelines, which were advisory and not binding, and that no one could predict with certainty the outcome of the court's consideration of the guidelines. (*See* doc. 42 at 2-3.) He understood that the court had sole discretion to impose the sentence. (*See id*. at 3.) He had reviewed all legal aspects and facts of the case with counsel and believed that it was in his best interest to plead guilty. (*See id*. at 6.) He understood and waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself. (*See id*. at 1.) He understood and waived his rights to appeal and to contest his conviction and sentence in a collateral proceeding, except that he reserved the right to (a) bring a direct appeal of a sentence exceeding the maximum statutory punishment or an arithmetic error at sentencing, (b) challenge the voluntariness of his plea or the waiver of an appeal and collateral review, and (c) bring a claim of ineffective assistance of counsel. (*See id*. at 5-6.) In exchange, the Government agreed not to bring any additional charges against him based on the conduct underlying and related to his guilty plea and to dismiss the remaining count in the indictment. (*See id*. at 5.) His plea was voluntary and not the result of any promises apart from those set out in the plea agreement. (*See id*. at 5.) The agreement stated that it was a complete statement of the parties' agreement. (*See id*. at 7.) At re-arraignment, Movant affirmed that he was waiving his right to appeal, except for the four grounds set out in the plea agreement. (*See* doc. 67 at 7.)

On December 30, 2014, the United States Probation Office (USPO) prepared a Presentence Report (PSR), applying the 2014 United States Sentencing Guidelines Manual (USSG). (*See* doc. 44-1 at 13, ¶ 49.) It calculated a total offense level of 24 and a criminal history category of four, resulting in a guideline range of 77 to 96 months' imprisonment. (*See id*. at 17, ¶ 79.)

At the sentencing hearing on March 4, 2015, the court granted a downward departure and variance to an offense level of 19, resulting in a guideline range of 48 to 57 month's imprisonment. (*See* doc. 68 at 19.) It sentenced him to 48 months' imprisonment. (*See* doc. 58 at 2.)

Movant filed a *pro se* notice of appeal that was signed on March 11, 2015, and received on March 16, 2015. (*See* doc. 60.) Counsel moved to withdraw, and the court granted the motion and appointed counsel on appeal. (*See* docs. 61, 62, 64.) The appeal was dismissed on the government's motion. (*See* doc. 70); *United States v. Garcia-Bertadillo*, 15-10220 (5th Cir. Sept. 29, 2015.) It had argued that Movant had waived his right to appeal. (*See* 3:16-CV-234-B, doc. 8 at 46.) He did not file a petition for writ of certiorari in the United States Supreme Court.

**B.     Substantive Claims**

Movant's § 2255 motion, received on January 28, 2016, raises the following grounds:

(1) Trial counsel was ineffective because he:

>     (a) failed to secure an early plea offer and erroneously advised Movant not to accept that offer;
>
>     (b) failed to file a notice of appeal and preserve his right to appeal the court's ruling on the suppression motion;

(2) Appellate counsel was ineffective for failing to raise an issue about the denial of the motion to suppress and to discuss the issues for appeal.

(*See* 3:16-CV-234-B, doc. 2 at 4-6.) Respondent filed a response on March 28, 2016. (*See id*. doc. 7.) Movant did not file a reply.

3

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## III.  INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the

4

prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id.* at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id*. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, a petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief

under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

A.  **Plea offer**

Movant contends that in July 2014, counsel informed him that there was a plea offer for a sentence of up to 27 months' imprisonment on Counts Two and Three. Counsel said that he would try to lower the sentence to 24 months' imprisonment, but if that was rejected, Movant could agree to a 27-month sentence. (*See* 3:16-CV-234-B, doc. 2 at 14.) Counsel showed him a new plea document on October 24, 2014, that included Count One. He claims that counsel failed to secure the 27-month plea offer and erroneously advised him not to accept that offer. As a result, the guideline range was higher than in the earlier offer. In support of his claim, he has submitted a draft of a plea agreement for Counts Two and Three. (*See id.* at 22, 25.)

As a general rule, defense counsel has the duty to communicate to the defendant formal plea offers from the prosecution with terms and conditions that may be favorable to the accused. *Missouri v. Frye*, 566 U.S. 134, 145 (2012). The failure to communicate a plea offer to a defendant can constitute ineffective assistance if the offer expires without it being communicated to the defendant. *Id*. To show prejudice for failing to communicate a plea offer, a movant must show that there is a reasonable probability that he and the trial court would have accepted the earlier plea offer, and that the result would have been favorable because the plea was to a lesser charge or for a shorter sentence. *Id*. at 147.

For a claim that counsel was ineffective for causing a defendant to forego a favorable plea offer that was conveyed, "a defendant must show that but for the ineffective advice of counsel there

is a reasonable probability that the plea offer would have been presented to the court." *Lafler v. Cooper*, 566 U.S. 156, 164 (2012). A defendant must establish that he would have accepted the plea, the prosecution would not have withdrawn it in light of intervening circumstances, the court would have accepted its terms, and "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Id*.

A movant is entitled to an evidentiary hearing on his § 2255 motion only if he presents "independent indicia of the likely merit of [his] allegations." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross v. Estelle*, 694 F.2d 1008, 1012 n. 2 (5th Cir. 1983); *accord United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (noting that "[i]f the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties, she is entitled to an evidentiary hearing on the issue"); *United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (noting that mere conclusory allegations are not sufficient to support a request for an evidentiary hearing).

Movant's claim is not supported, and he has not shown that there was a 27-month plea offer from the government. *See United States v. Gonzalez*, 493 F. App'x 541, 544 (5th Cir. 2012) (a movant is not entitled to relief if there are no independent indicia of the likely merit of allegations about counsel's actions regarding a plea offer). The draft plea agreement he offers in support of his claim does not include any provision for a 27-month sentence. Like the agreement he entered into, it provided that that no one could predict with certainty the outcome of the court's consideration of the guidelines, that the court had sole discretion to impose the sentence, and that the agreement was a complete statement of the parties' agreement. (*See* 3:16-CV-234-B, doc. 2 at 27, 30.) The only

7

difference between the two agreements is that the draft agreement was for Counts Two and Three and the actual agreement was for Counts One and Three. Movant has not shown that there was any difference in the sentencing guidelines between Counts One and Three such that it would have been more favorable to have pled guilty to Counts Two and Three.

Even if there were an offer for a sentence of 27 months' imprisonment, he has not shown that the offer had an expiration date, and that counsel improperly allowed the offer to lapse. Nor has he shown that he conveyed to counsel a desire to accept any that plea offer. Finally, he has not shown that counsel was ineffective in negotiating for a lower offer of a 24-month sentence.

**B.     Notice of appeal; Suppression**

Movant contends that trial counsel failed to file a notice of appeal and preserve his right to appeal the court's ruling on the suppression motion. Counsel promised that he could enter a conditional guilty plea and appeal the denial of the motion to suppress.

Even if counsel's failure to file a notice of appeal was deficient performance, Movant was not prejudiced, because he filed a timely *pro se* notice of appeal. Any deficient performance regarding the filing of a notice of appeal did not deprive Movant of an appeal.

Regarding the suppression issue, Movant's claim is unsupported with any independent indicia of the likely merits of his allegations. *See Reed*, 719 F.3d at 373. He has not shown that counsel promised that he could appeal the denial of the motion to suppress. He agreed to the appeal waiver in the agreement and in court during his plea proceeding. He has not overcome the "strong presumption of verity" accorded "solemn declarations" made in open court and "great weight" accorded court records. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).

Movant has not shown that he is entitled to relief on his claims of ineffective assistance of

trial counsel.

## IV. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland*, and the movant must show a reasonable probability that he would have prevailed on his appeal but for counsel's deficient representation. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.' " *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462–63 (footnote and citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

Movant asserts that appellate counsel failed to challenge the court's denial of his motion to suppress. As discussed, the appellate waiver that was enforced by the Fifth Circuit on appeal did not allow the suppression issue to be raised. He has not shown deficient performance or prejudice based on counsel's failure to raise a non-meritorious issue on appeal.

Although Movant asserts that he asked counsel to file a certiorari petition, he does not allege that counsel said that he would file a petition. Moreover, a criminal defendant has no constitutional

right to counsel to file a petition for writ of certiorari. *Wainwright v. Torna*, 455 U.S. 586, 586 (1982) (citing *Ross v. Moffitt*, 417 U.S. 600, 617 (1974)). "[W]here there is no constitutional right to counsel, there cannot be constitutionally ineffective assistance of counsel." *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009) (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)) (denying § 2255 motion because there was no ineffective assistance of counsel for failure to file timely petition for a writ of certiorari since defendant had no constitutional right to counsel in seeking certiorari review).

To the extent that appellate counsel may have been required under the Criminal Justice Act to notify Movant of the right to seek certiorari review in the United States Supreme Court, *see United States v. Johnson*, 308 F. App'x 768, 769 (5th Cir. 2007), the record contains a letter from counsel that advised Movant about the availability of and time to file a petition for writ of certiorari. (*See* 3:16-CV-234-B, doc. 2 at 38.) He has not shown deficient performance or prejudice regarding appellate counsel.

## V. EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that Movant is entitled to no relief, so no hearing is required.

## VI. RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 26th day of February, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE